IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 15 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00398-BNB

ANDRE L. LYNCH,

Plaintiff,

v.

STATE OF COLORADO, OFFICE OF GOVERNOR BILL RITTER,
PEGGY HEIL, Colorado Department of Corrections SOTMP Program,
MS. BUSTOS, Colorado Department of Corrections Mental Health,
BILL ZALMAN, Offender Services CDOC,
JOHN SUTHERS, State of Colorado Attorney General's Office,
ARISTEDES ZAVARAS, Executive Director C.D.O.C.,
DR. PAULA FRANTZ, Chief Medical Officer, CDOC,
MR. TUCKER, CDOC Mental Health SOTMP,
MS. SOUCIE, Colorado Department of Corrections Mental Health SOTMP,
CHARLES OLIN, Colorado Department of Corrections Mental Health SOTMP,
ASSOCIATE WARDEN SOARES, Colorado Department of Corrections SCF,
JOHN DOE AND JANE DOE 1-10, who have not been identified by name, but will be
        named at a later date,
COLORADO DEPARTMENT OF CORRECTIONS DEPARTMENT OF PAROLE AND
        COMMUNITY CORRECTIONS – JEANNEN MILLER, and
EL PASO COUNTY SOTMP PAROLE DIVISION OFFICE JOHN DOE 1 & JANE DOE
        2,

Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Andre L. Lynch, is a prisoner in the custody of the Colorado Department

of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Lynch has

filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights

under the United States Constitution have been violated. The court must construe the

complaint liberally because Mr. Lynch is not represented by an attorney. *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Lynch will be ordered to file an amended complaint.

The court has reviewed the Prisoner Complaint and finds that it is deficient because Mr. Lynch fails to allege specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violations. Instead, Mr. Lynch alleges in conclusory fashion in each of his three claims for relief that Defendants collectively have violated his constitutional rights.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a claim in federal court, Mr. Lynch "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Lynch must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure

to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A

Defendant may not be held liable for constitutional violations committed by someone

else on a theory of respondeat superior.  *See Pembaur v. City of Cincinnati*, 475 U.S.

469, 479 (1986).

Therefore, Mr. Lynch will be ordered to file an amended complaint that includes

allegations of personal participation by each named Defendant if he wishes to pursue

his claims in this action.  Accordingly, it is

ORDERED that Mr. Lynch file **within thirty (30) days from the date of this**

**order** an amended complaint that includes allegations of personal participation against

each named Defendant.  It is

FURTHER ORDERED that the clerk of the court mail to Mr. Lynch, together with

a copy of this order, two copies of the following form:  Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Lynch fails to file an amended complaint within

the time allowed that complies with this order to the court's satisfaction, the action will

be dismissed without further notice.

DATED April 15, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00398-BNB

Andre L. Lynch
Prisoner No. 104169
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 4/15/10

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk