IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00398-BNB

ANDRE L. LYNCH,

    Plaintiff,

v.

YARLEY WOODS, COMCOR,
MR. OLIN, SOTMP, CDOC,
MS. JAMIE SOUCIE, SOTMP,
ARISTEDES ZAVARAS, C.D.O.C. Executive Director,
PEGGY HEIL, STOMP, C.D.O.C.,
DANA BUSTOS, Mental Health, C.D.O.C.,
JEANEENE MILLER,
TWO UNKNOWN PAROLE OFFICERS, STOMP Parole Office, and
JOHN DOE & JANE DOE 1-5,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 8 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Andre L. Lynch, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Lynch initiated this action by filing *pro se* a Prisoner Complaint. On April 15, 2010, the court ordered Mr. Lynch to file an amended complaint that includes allegations of personal participation by each named Defendant in this action. On May 13, 2009, Mr. Lynch filed an amended Prisoner Complaint.

The court must construe the amended Prisoner Complaint liberally because Mr. Lynch is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court

should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Lynch will be ordered to file a second amended complaint.

The court has reviewed the amended Prisoner Complaint and has determined that the amended Prisoner Complaint also is deficient. Although Mr. Lynch has made an effort to allege personal participation, the claims he asserts in the amended complaint are confusing and difficult to understand. As a result, the court finds that the amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. See **TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Lynch fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Instead, Mr. Lynch alleges in conclusory fashion that various Defendants, and sometimes all of the Defendants, have conspired to violate his rights under various constitutional provisions and federal statutes. It is clear that Mr. Lynch's claims arise out of his classification as a sex offender. However, Mr. Lynch does not describe in detail how and when his rights allegedly were violated and he fails to identify the specific constitutional rights that form the basis for his claims. For example, Mr. Lynch's allegations in support of his claims relate to incidents that occurred while he was on community corrections, while he was on parole, and while he has been incarcerated, but he fails to explain exactly when the various incidents occurred and specifically how they are related. Furthermore, Mr. Lynch's conclusory allegations of personal participation lack the specificity that is necessary to determine exactly how each Defendant allegedly violated his rights. It is not sufficient to allege, as Mr. Lynch does in his second claim for relief with respect to every named Defendant except Defendant Yarley Woods, that the Defendant "has directly violated the rules and policies of the Colorado Department of Corrections and his oath of office by his unlawful acts committed under color of law in his authority in his official capacity and individual capacity violated Plaintiff's rights Lynch's rights under the laws of the Constitution of the United States in particular the First, Fourth, Eighth, and Fourteenth Amendments therefore and 42 U.S.C. §§ 1983, 1985(2)(3), 1986 and 1988." (Am. Prisoner Compl. at 15, ¶38; *see also* Am. Prisoner Compl. at 15-17, ¶¶39-43.)

Therefore, Mr. Lynch will be ordered to file a second amended complaint if he wishes to pursue his claims in this action. In order to state a claim in federal court, Mr.

Lynch "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). If Mr. Lynch fails to file a second amended complaint that includes a clear and concise statement of his claims with the necessary factual detail as described in this order, the action will be dismissed. Accordingly, it is

ORDERED that Mr. Lynch file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Lynch, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Lynch fails within the time allowed to file a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED May 18, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00398-BNB

Andre L. Lynch
Prisoner No. 104169
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 5/18/10

                              GREGORY C. LANGHAM, CLERK

                              By: _____
                                       Deputy Clerk